IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2006

## STATE OF TENNESSEE v. MARCELLUS HURT

**Appeal from the Circuit Court for Madison County**
**No. 05-129     Donald H. Allen, Judge**

---

**No. W2006-00191-CCA-R3-CD  - Filed December 21, 2006**

---

The Appellant, Marcellus Hurt, was convicted by a Madison County jury of three counts of misdemeanor theft, two counts of burglary of a vehicle, one count of felony vandalism over $500, one count of possession of burglary tools, and one count of misdemeanor evading arrest. As a result of these convictions, Hurt received an effective sentence of six years, eleven months, and twenty-nine days in confinement. On appeal, Hurt raises two issues for our review: (1) whether the evidence is sufficient to support his convictions for burglary of a vehicle and possession of burglary tools; and (2) whether his sentence is excessive. Following review of the record, we affirm the convictions and sentences as imposed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Gregory D. Gookin, Assistant Public Defender, for the Appellant, Marcellus Hurt.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Jerry Woodall, District Attorney General; and Shaun Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

On December 3, 2004, the Appellant and Dennis Garland, both of whom lived in Memphis, drove to the Hollywood Cinema in Jackson in Garland's Mercury Grand Marquis. While Garland waited in the car, the Appellant used a sparkplug to break the driver's side windows of vehicles belonging to Stephanie Jones and Josh Webb, two Union university students who were inside the theater watching a movie. The Appellant removed a portable compact disc player from Jones' Plymouth Voyager and  caused approximately $900 worth of damage to the vehicle's side paneling. After burglarizing Webb's Ford Explorer, the Appellant removed an Alpine stereo compact disc

player, as well as a wallet and a set of keys belonging to Brittany Palmer, who had accompanied Webb to the theater.

Officer Trull of the Jackson Police Department, who was in the vicinity, was approached by a citizen and informed of the auto burglaries. After initially inspecting the first burglarized vehicle, Officer Trull noticed an individual, later identified as Garland, sitting in a nearby Mercury Marquis with no lights on. As Trull approached the vehicle to ask Garland if he had observed anything with regard to the burglaries, he saw the Appellant walking towards the Marquis and enter the car. Trull continued toward the car and asked Garland to stop. Garland hesitated for a brief moment but then accelerated and quickly drove out of the theater parking lot. At this point, Trull dispatched a "Be On Lookout" or BOLO for the Mercury Marquis and its two occupants.

Shortly thereafter, Officer Stines observed a car matching Trull's description of the car, which had run off the road at Vann Drive and Emporium, a short distance from the theater. As Stines approached the vehicle and activated his blue lights, he observed Garland standing outside the driver's side of the vehicle and the Appellant fleeing the scene on foot. Stines then proceeded to issue a second BOLO for the Appellant. Garland was taken into custody. Inside Garland's car, officers found compact disc players, which Jones and Webb later identified as their property. Additionally, several tools, including screwdrivers and wirecutters, were found in the trunk of the Marquis.

Officer Headen was on Emporium Drive when he heard the second BOLO broadcast and almost immediately saw a subject, later determined to be the Appellant, matching the description walking near Sam's Club. When the Appellant saw Officer Headen, he began to run. However, he eventually stopped and was apprehended. Upon performing a cursory pat down search of the Appellant, Headen recovered from the Appellant's right rear pocket, Brittany Palmer's driver's license, as well as her key chain and ATM card.

On February 28, 2005, a Madison County grand jury returned an eight-count indictment against the Appellant and Garland jointly charging them with three counts of theft of property less than $500, two counts of burglary of a vehicle, one count of vandalism resulting in damage over $500, one count of possession of burglary tools, and felony evading arrest. Garland pled guilty prior to trial and testified for the State at the Appellant's trial. After a jury trial, the Appellant was subsequently convicted on all counts as charged, with the exception of the felony charge of evading arrest, which was reduced to misdemeanor evading arrest.

Following a sentencing hearing, the Appellant was sentenced as follows: (1) two years for each of the two counts of burglary of a vehicle; (2) eleven months and twenty-nine days for each of the three counts of theft of property under $500; (3) two years for felony vandalism; (4) eleven months and twenty-nine days for possession of burglary tools; and (5) eleven months and twenty-nine days for evading arrest. The Appellant's three sentences stemming from his felony convictions were ordered to be served consecutively, and all of the Appellant's misdemeanor sentences, with the exception of his sentence for evading arrest, were ordered to be served concurrently with each other

and concurrently with the effective six-year felony sentence. Additionally, the Appellant's eleven-month and twenty-nine days sentence for evading arrest was ordered to be served consecutively to his six-year felony sentence, resulting in an effective sentence of six years, eleven months, and twenty-nine days. Following the denial of the Appellant's motion for new trial, the Appellant filed the instant timely appeal.

**Analysis**

On appeal, the Appellant raises two issues for our review. First, he asserts that the evidence is insufficient to support his convictions for burglary of a vehicle and possession of burglary tools. Second, he asserts that the effective sentence imposed is excessive, specifically challenging the consecutive nature of his sentence for evading arrest.

**I. Sufficiency of the Evidence**

The Appellant asserts on appeal that the evidence is insufficient to support his convictions for burglary of a vehicle and possession of burglary tools.

In considering this issue, we apply the rule that where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not reweigh or reevaluate the evidence presented. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

"A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). However, as in the case of direct evidence, the weight to be given circumstantial evidence and "the inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury." *Marable v. State*, 313 S.W.2d 451, 457 (Tenn. 1958) (citations omitted).

**a. Burglary of a Vehicle**

The Appellant was convicted of two counts of burglary of a vehicle. Tennessee Code Annotated section 39-14-402(a)(4) (2003) states, in relevant part, that: "[a] person commits burglary who, without the effective consent of the property owner: . . . (4) [e]nters any . . . passenger car . . . with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault." The Appellant's entire argument with regard to this issue is as follows:

> The evidence was insufficient for the jury to convict Appellant of either count of Vehicle Burglary. No person other than Dennis Garland claimed to see Appellant break into the victims' vehicles. Garland received a probationary sentence with the possibility of the convictions being expunged upon completing this sentence. This resulted in testimony that was simply not credible; correspondingly, the jury should have assigned no credibility to Garland's testimony that Appellant was the only individual who committed these acts.

This argument is misplaced. The scope of our examination of the evidence is not equivalent to that of the jury's. In a challenge to the sufficiency of the evidence, this court does not retry the defendant. We emphasize that our examination in a sufficiency review is not to revisit inconsistent, contradicting, implausible or non-credible proof, as these issues are resolved solely by the jury. *See Pappas*, 754 S.W.2d at 623. The jury in this case heard Garland's testimony, including his involvement in the crimes and the plea-bargained sentence he received. It was the jury's prerogative to weigh Garland's credibility and determine the weight which the testimony should be given. Based upon their findings of guilt, the jury obviously accredited Garland's testimony regarding the Appellant's involvement in the crimes. This court will not reweigh or reevaluate the evidence presented. *Cabbage*, 571 S.W.2d at 835.

Clearly, the evidence presented in this case was more than sufficient to support the burglary convictions. It is undisputed that vehicles belonging to Stephanie Jones and Josh Webb were burglarized while they were at the Hollywood theater and that items were taken from their vehicles. The Appellant, along with Garland, was seen in the area immediately following the discovery of the burglaries, and the two fled the scene, despite a request from police to stop. The Appellant again fled upon the arrival of the police following the wreck of Garland's vehicle. He attempted to flee a third time when approached by police near Sam's Club. Additionally, the Appellant was found to be in possession of items belonging to Brittany Palmer which were taken from Josh Webb's vehicle. Moreover, the stolen compact disc players were found in Garland's car. This evidence, in addition to Garland's testimony at trial that the Appellant broke into the vehicles and removed the compact disc players, is clearly sufficient to support the convictions for burglary of a vehicle.

### b. Possession of Burglary Tools

Tennessee Code Annotated section 39-14-701 (2003) provides that "[a] person who possesses any tool, machine or implement with intent to use the same, or allow the same to be used, to commit any burglary, commits a Class A misdemeanor." Relying upon *State v. Michael Wayne Belcher*, No. 2001-00515-CCA-R3-CV (Tenn. Crim. App. at Knoxville, Apr. 22, 2002), the

Appellant asserts that the evidence presented was not sufficient to support his conviction. In *Belcher*, this court held that a possession of burglary tools conviction could not be upheld when the evidence established that the tools, a hammer and screwdriver, were located in the defendant's car during the actual burglary of a house. *Id*.

The Appellant's argument is as follows:

> In the instant case, the only person who claimed to witness Appellant commit a crime was Dennis Garland. Garland testified that Appellant carried a flashlight and a fragment of a spark plug with him when he committed the vehicle burglaries. The indictment charges Appellant with possession of "screwdrivers, wirecutters, and other tools." The indictment does not allege what these other tools are, and Investigator Gregory testified concerning "screwdrivers" and "wirecutters" that could have been used as burglary tools. In Garland's testimony, he stated that Appellant used the spark plug fragment to break into the cars, not any screwdrivers or wirecutters. In addition, law enforcement found neither screwdrivers nor wirecutters on Appellant's person. Therefore, Appellant's conviction for Possession of Burglary Tools should be dismissed.

(citations omitted). Though not entirely clear, we presume the Appellant is arguing that the conviction cannot stand because there was no evidence presented that he actually used the screwdrivers and wirecutters in the burglaries or that they were ever in his possession at all, similar to the facts in *Belcher*. However, we believe that the facts of *Belcher* are distinguishable from this case. In *Belcher*, the proof was uncontraverted that the tools were not used in the commission of the crime. This is not the situation in the case before us, however. It is true that Garland testified that he only saw the Appellant carrying a flashlight and a spark plug when he left the car. However, evidence was presented that screwdrivers and wirecutters were in the trunk of the car and that the Appellant had access to the trunk of the car during the burglaries, as at least one of the stolen compact disc players was found in the trunk. Additionally, as noted by the State, evidence was presented that one of the vehicle's dashboard panels had been removed in order to access the compact disc player, and Officer Gregory testified that auto burglars often pry away the panel in front of the stereo with a screwdriver before disconnecting the stereo with wirecutters. Gregory also gave testimony that spark plugs are commonly used to break car windows in order to gain access into the vehicle.

The indictment in this case charged the Appellant with possession of "screwdrivers, wirecutters, and other tools" with the intent to use the same to commit vehicle burglary. There was direct proof, in the form of Garland's testimony, that the Appellant had in his possession a flashlight and utilized a spark plug to break into the vehicles. Moreover, we conclude, from the totality of facts introduced at trial, that the jury could have reasonably inferred that the Appellant possessed the screwdrivers and wirecutters "with intent to use the same, or allow the same to be used to commit [a] burglary." Viewing the evidence in the light most favorable to the State, we conclude the evidence is sufficient to support the conviction.

## II.  Excessive Sentence

Lastly, the Appellant asserts that his effective sentence of six years, eleven months, and twenty-nine days is excessive.  His only challenge to the sentence, however, is that the consecutive nature of the evading arrest sentence of eleven months and twenty-nine days is excessive.  He asserts that "[a]dding an extra eleven months and twenty-nine days to Appellant's six-year TDOC sentence was unduly harsh, considering that Appellant only has one prior felony conviction, while admittedly having nearly twenty misdemeanor convictions."  Accordingly, the Appellant requests that this court modify his sentence by ordering that his evading arrest sentence run concurrently with his felony sentences for an effective sentence of six years.

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct.  T.C.A. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).  This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances."  *Ashby*, 823 S.W.2d at 169.  Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt.  *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000) (citing *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997)).  The party challenging a sentence bears the burden of establishing that the sentence is erroneous.  T.C.A.§ 40-35-401(d), Sentencing Commission Comments.

A trial court may impose consecutive sentencing upon a determination that one or more of the criteria set forth in Tennessee Code Annotated section 40-35-115(b) exists.  This section permits the trial court to impose consecutive sentences if the court finds, among other criteria, that "[t]he defendant is an offender whose record of criminal activity is extensive[.]"  T.C.A. § 40-35-115(b)(2) (2003).  The length of the sentence, when consecutive in nature, must be "justly deserved in relation to the seriousness of the offense" and "no greater than that deserved" under the circumstances.  T.C.A. § 40-35-102(1), –103(2).  Additionally, whether sentences are to be served concurrently or consecutively is a matter addressed to the sound discretion of the trial court.  *State v. Hastings*, 25 S.W.3d 178, 181 (Tenn. Crim. App. 1999).

In imposing consecutive sentencing in this case, the trial court specifically found that the Appellant was an offender whose record of criminal activity was extensive.  The court stated:

> . . . basically since he was 18 year[s] of age up until now, he's 31 years of age, he has basically committed new offenses each and ever[y] year: Assaults, thefts, and vandalisms and just all sorts of various criminal activity each and ever[y] year.  He's been given probation at least once and was not able to follow the rules of probation. He's continued to go out and commit new offenses.

Our review of the record supports the trial court's finding of an extensive criminal history. The presentence reports reveals seventeen prior convictions, including nine assaults, two driving on

a revoked or suspended license, evading arrest, vandalism, aggravated criminal trespass, disorderly conduct, theft, and a controlled substance violation. The report further establishes that the Appellant was found guilty of violating a protection order, obstructing a highway or passageway, and violating probation. The Appellant disputes none of these convictions or violations.

Indeed, as noted, the Appellant does not contest the trial court's imposition of partial consecutive sentences as a whole. Rather, he only argues that it was error and "unduly harsh" to order that his conviction for evading arrest be served consecutively because most of his prior convictions are misdemeanors. This argument is misplaced. Clearly, the Appellant has an extensive criminal history spanning his entire adult life. Finding no sentencing error, we conclude that this issue is without merit.

## CONCLUSION

Based upon the foregoing, the judgment of the Madison County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE